## ALBERT MOTLEY v. STATE.

No. A-953.　Opinion Filed April 20, 1912.

(122 Pac. 1110.)

**APPEAL—Review.** When a disputed issue of fact is properly submitted' to the jury, the finding of the jury on such issue will not be disturbed by this court on appeal, when there are no prejudicial errors of law disclosed by the record.

(Syllabus by the Court.)

*Appeal from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Albert Motley was convicted of larceny, and appeals. Affirmed.

*Crump & Bailey* and *Rogers & Harris,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J. The plaintiff in error was convicted at the June, 1910, term of the district court of Pittsburg county on a charge of larceny of domestic animals, and on the 14th day of said month sentenced by the court to one year in the state reformatory at Granite.

The information in this case charges Cleve Akins and Albert Motley with the theft of a steer, the property of George F. Brown.

Prosecuting witness Brown testified that the steer in question was his; that he did not sell it to either of the parties charged with its theft; that it was not branded, but was marked with a crop off each ear; that he missed the steer from its range in Pounds Valley, Pittsburg county, and after several days' search found it six or seven miles south of Kiowa, in the possession of a Mr. Land.

State's witness Neal testified that he knew plaintiff in error and Cleve Akins, knew the steer in question, and that it belonged

to Brown; that Akins and Motley took the steer away; that he saw them about a mile from his place in a large pasture; that the steer was tied to Motley's horse, and Akins was riding the horse; that they had a yearling tied to the Akins horse, and Motley was riding this horse; that Akins' wife was with them; that a man named Fender was with witness; that when witness came upon the plaintiff in error and Mrs. Akins they turned the yearling loose and ran away; that the witness was about 100 yards away, and saw them for a mile or more; that witness waited some time, but they did not come back; that the steer in question was freshly marked; that his ears were still bleeding; that Akins was about 50 yards from the road; that plaintiff in error was some 150; that the parties were going in the direction of Akins' house; that witness afterwards, in company with the owner, Brown, and two other persons, saw the steer in Joe Land's pasture; that plaintiff in error and Akins left the country a short time thereafter.

State's witness Pat Fender corroborated the witness Neal, and in addition testified that he saw plaintiff in error and Akins together looking for the same cattle.

Witness Joe Land testified that he bought the steer in question from the accused, and afterwards repurchased him from the owner, Brown.

The plaintiff in error testified in his own behalf that he bought the steer in question from Cleve Akins, also a red yearling bull, and paid $35 for the two; that Akins owed him that sum, and the cattle were taken in payment of the debt; that he had no idea the steer in question had been stolen.

Jim Motley, brother of the accused, testified that he knew the accused had loaned Cleve Akins $35; that he was present when the accused got the cattle from Akins in payment of the debt.

In addition, the proof clearly shows that the plaintiff in error knew Akins' brand, and knew that there was no brand on the steer in question.

On this state of facts, the jury found the defendant guilty, and the trial court permitted the verdict to stand.

This court has so often held that the verdict of a jury will not be disturbed on appeal, when disputed questions of fact are the only issue, that we hardly feel called upon to reiterate the doctrine. It was entirely within the province of the jury to say whether or not the accused was guilty; and their judgment in this case is conclusive upon this court.

Counsel for the accused contend that the following instruction of the court is sufficiently prejudicial to justify reversal of the judgment:

"You are further instructed that, if you believe from the evidence in this case, beyond a reasonable doubt, that said property was in fact stolen, as charged, from one George F. Brown, and if you further believe that one Cleve Akins stole or drove said steer from the range and sold or traded it to the defendant, Albert Motley, and that the defendant gave assistance and aided in the taking and driving of said property in good faith, and believing at the time that it was the property of Akins, and not knowing that it was stolen, and without willfully and feloniously participating in such theft, then you will find the defendant not guilty; and if you have a reasonable doubt as to the willful and felonious intent on the part of the defendant in the taking and driving and sale of said steer you should acquit the defendant."

We see nothing prejudicial in the instruction, when considered together with the remainder of the court's charge. We have scrutinized the record carefully, and find no errors of law prejudicial to the substantial rights of the plaintiff in error.

The judgment of the trial court is affirmed.

FURMAN, P. J., and DOYLE, J., concur.